UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| MICHAEL AHART, individually and on behalf of hid minor daughter, ALEXIS AHART | CIVIL ACTION NO. 6:13-CV-02787 |
| VERSUS | JUDGE HAIK |
| PAUL MOUTON as the duly elected City Marshal of the City of Opelousas and Deputy Marshal FRANK ANGELLE, individually and in his capacity as Deputy Marshal for the City of Opelousas | MAGISTRATE JUDGE HANNA |

## RULE 7(a)  HEIGHTENED  PLEADING  REVIEW

In this § 1983 civil rights lawsuit, the plaintiff sued Opelousas City Marshal Paul Mouton in his official capacity and Opelousas Deputy City Marshal Frank Angelle in both his individual and official capacities.  An answer was filed on behalf of both defendants.  In the answer, Deputy Marshal Angelle pleaded qualified immunity.  The undersigned has therefore conducted an evaluation of the plaintiff's complaint to determine whether it meets the applicable heightened pleading requirement.[1]

---

[1] *See Schultea v. Wood*, 47 F.3d 1427, 1433-34 (5th Cir. 1995); *Baker v. Putnal*, 75 F.3d 190, 195 (5th Cir. 1996).

Because the claims asserted against Marshal Mouton are expressly in his official capacity and not in his individual capacity, he is not entitled to a qualified immunity defense,[2] and this review applies only to the claims asserted against Deputy Marshal Angelle, as no heightened standard is allowed for actions against individual defendants in their official capacities.[3]

After review, the undersigned concludes that the plaintiff has supported his claims against Deputy Marshal Angelle "with sufficient precision and factual specificity to raise a genuine issue as to the illegality of defendants' conduct at the time of the alleged acts."[4] The plaintiff alleges that, on or about August 22, 2013, Deputy Marshal Angelle entered the plaintiff's residence without a search warrant, without first obtaining the consent of the property's owner, and without the existence of any relevant exigent circumstances. The plaintiff further alleges that Alexis Ahart, a minor, was present inside the residence when Deputy Marshal Angelle entered, and that she observed him searching and photographing the residence. Ms. Ahart telephoned her father, who allegedly instructed her to videotape Deputy Marshal

---

[2] *Club Retro, L.L.C. v. Hilton*, 568 F.3d 181, 194 (5th Cir. 2009); *Stidham v. Texas Com'n on Private Sec.*, 418 F.3d 486, 490 (5th Cir. 2005); *Jackson v. Galan*, 868 F.2d 165, 168 (5th Cir. 1989).

[3] *Baker v. Putnal*, 75 F.3d at 195.

[4] *Schultea v. Wood*, 47 F.3d at 1434.

Angelle's actions. Deputy Marshal Angelle then allegedly began yelling at Ms. Ahart, told her to cease recording, grabbed her, touched her breasts, shoved her, twisted her wrist, took the phone from her, and deleted the video and photographs she had taken. The plaintiff claims that Deputy Marshal Angelle used excessive force under the circumstances, violated Ms. Ahart's civil rights, unlawfully searched the premises, and battered Ms. Ahart, resulting in physical and emotional injuries.

Although the court may later determine the facts in favor of the defendants, the sole issue presented here is whether the plaintiffs have satisfied the heightened pleading requirement of *Shultea v. Wood*. The undersigned concludes that they have. Accordingly, the undersigned concludes that there is no need for an order banning or limiting discovery with regard to the plaintiff's claims against the defendants, and the case should proceed in accordance with the existing Scheduling Order (Rec. Doc. 8).

Signed at Lafayette, Louisiana on this 6th day of March 2014.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE